UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONICA BASSFORD,

                              Plaintiff,

     v.                                              **DECISION AND ORDER**
                                                                   06-CV-365S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

       1.      Plaintiff Monica Bassford challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). She alleges that she became disabled on May 12, 2003, due to shoulder pain. Plaintiff contends that she is entitled to benefits under the Act because her physical limitations prevent her from working.

       2.      Plaintiff filed her application for disability insurance benefits on February 26, 2004. After her application was denied, she requested a hearing before an ALJ, which took place on November 15, 2005. The ALJ considered Plaintiff's case *de novo*, and on December 13, 2005, issued a written decision denying her application for benefits. This decision became Defendant's final decision after the Appeals Council denied Plaintiff's request for review on April 5, 2006. Plaintiff filed this action challenging Defendant's final decision on June 2, 2006.

       3.      On January 10, 2007, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a similar motion seeking the same relief on February 27, 2007. After full briefing, this Court took the motions under advisement without oral argument. For the reasons stated below,

Plaintiff's motion will be granted and Defendant's motion will be denied.

   4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is evidence that amounts to "more than a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

   5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      The claimant has the burden of proof as to the first four steps; the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); <u>Heckler v. Campbell</u>, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability[1] (R. at 14, 21);[2] (2) Plaintiff's impairments — left shoulder pain/tendonitis, right knee pain, right wrist carpal tunnel syndrome, and obesity — qualified as "severe" within the meaning of the Act (R. at 14); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (either singly or in combination) (R. at 14); (4) Plaintiff retained the residual functional capacity to perform light or sedentary work with certain limitations[3] (R. at 15); and (5) Plaintiff is unable to perform her past relevant work as a an assembly-line machine tender, a material handler, and a forklift operator, but considering her residual functional capacity, age, education, and work experience, she is capable of performing jobs that exist in the national economy, and is therefore not disabled (R. at 19-21).

10.  Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive. Plaintiff argues that the ALJ failed to consider and discuss her good employment history as part of the credibility determination. "A claimant with a good work

---

[1] The ALJ actually deferred her finding of whether Plaintiff engaged in substantial gainful activity because there was evidence of some income after the onset date. (R. at 14.) It therefore appears that the ALJ assumed the absence of substantial gainful activity, and then went on with the analysis.

[2] Citations to the underlying administrative record are designated as "R."

[3] Plaintiff's ability to do light or sedentary work is limited by "no more than occasional bending, stooping, crawling, climbing, kneeling, crouching, and balancing; occasional to frequent but not constant use of the right upper extremity for grasping and handling; avoid reaching above shoulder level with either upper extremity; and avoid using the right foot for repetitive movements, such as operating foot controls and pushing/pulling." (R. at 15.)

record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003).

This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

Here, it appears undisputed that Plaintiff has a lengthy and good work history. She worked as a machine and line operator at Kodak in Rochester, N.Y., for 17 years before injuring her right arm. (R. at 200-202.) In light of the fact that Plaintiff was only 45 years old at the time she stopped working, a seventeen year work history is lengthy. (R. at 196, 200.)

Based on this work history, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that she is unable to work because of her disability or specifically state in her decision why Plaintiff was not credible despite her work history. Rivera, 717 F.2d at 725. But the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, she afforded it. The credibility finding therefore does not comply with the governing case law and cannot be sustained.

11.     From this Court's review of the record, it appears that Plaintiff is "not the type of claimant who appears to be feigning disability." Patterson, 978 F. Supp. at 519.  This, however, is a determination reserved to the Commissioner.  Because the ALJ's credibility finding is legally deficient, this Court will remand this case so that the Commissioner can consider Plaintiff's work history and afford it the required weight.  On remand, the Commissioner should also permit Plaintiff to raise her other points of contention, specifically that Exhibits 7F and 8F are not entitled to weight, and that the opinions of her treating physicians, Drs. Stefanos and Batley, are entitled to controlling or extra weight under the treating physician's rule.[4]

12.     After carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted.  Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:  September 16, 2007
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge